BERZON, Circuit Judge,
with whom Circuit Judge PREGERSON joins,
concurring in part.
I concur in the majority opinion insofar as it holds the California Resale Royalty Act, Cal. Civ.Code § 986 (“the Act”), unconstitutional as applied to out-of-state art sales conducted by out-of-state agents. As the Act so applied “directly controls commerce occurring wholly outside the boundaries” of California, it violates the dormant Commerce Clause. Healy v. Beer Inst., 491 U.S. 324, 336, 109 S.Ct. 2491, 105 L.Ed.2d 275 (1989); see also Valley Bank of Nev. v. Plus Sys., Inc., 914 F.2d 1186, 1189-90 (9th Cir.1990).
But I would stop there. The majority opinion, in my view, unnecessarily decides that the Act is unconstitutional as applied to out-of-state art sales conducted by California residents as well. The partial dissent also reaches this issue, arriving at the opposite conclusion. Yet none of the parties before us are California sellers, nor does the record contain any evidence pertaining to out-of-state sales by California residents. Furthermore, the Act imposes somewhat different obligations on California sellers and sellers’ agents. Compare Cal. Civ.Code § 986(a) with id. § 986(a)(1).
That the Act’s requirement that out-of-state agents “withhold 5 percent of the amount of [an out-of-state] sale, locate the artist and pay the artist,” id., directly regulates extraterritorial commercial transactions in violation of the Supreme Court’s dormant Commerce Clause jurisprudence is clear. It is not so clear to me, however, that the royalty obligations the Act imposes on California sellers similarly regulate commercial transactions, as opposed to the post-sale income of Californian residents. But we need not decide the latter question. Indeed, the disagreement between the majority opinion and the partial dissent as to whether the Act “directly regulates the conduct of the seller,” Majority Op. at 1324, or simply “regulat[es] ... the proceeds that Californians have received from the sale of art,” Partial Dissent at 1331, illustrates why we should not, in the absence of sufficient information concerning the Act’s operation on out-of-state sales by California residents, determine the constitutionality of the Act more generally.
Consequently, I would hold the Act unconstitutional as applied to out-of-state art sales by out-of-state agents, such as the New York auction houses party to this case, and go no further.